**United States District Court**
**Central District of California**

**UNITED STATES OF AMERICA vs.**  **Docket No.**  **CR 20-00237-FMO**

**Defendant**  **MANUEL BANUELOS, JR.**   **Social Security No.** _8_ _8_ _4_ _9_
akas: _llucckky_  (Last 4 digits)

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 08 | 27 | 2021 |

**COUNSEL**   **Ambrosio Rodriguez, Retained**
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Count One: Distribution of Child Pornography, 18 U.S.C. §§ 2252A (a)(2)(A), (b)(1)**

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:     sixty (60) months

It is the judgment of the court that defendant, Manuel Banuelos, Jr., is committed on Count One of the Indictment to the custody of the Bureau of Prisons for a term of **sixty (60) months**.  The court recommends that defendant be designated to a correctional facility in Southern California.

Upon release from imprisonment, defendant shall be placed on supervised release for **ten (10) years** under the following terms and conditions:

1. Defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04, including the conditions of probation and supervised release set forth in Section III of Second Amended General Order 20-04.

2. Defendant shall refrain from any unlawful use of a controlled substance.  Defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, not to exceed eight tests per month, as directed by the Probation Officer.

3. Defendant shall participate in an outpatient substance abuse treatment and counseling program that includes urinalysis, breath or sweat patch testing, as directed by the Probation Officer. Defendant shall abstain from using alcohol and illicit drugs, and from abusing prescription medications during the period of supervision.

4. During the course of supervision, the Probation Officer, with the agreement of defendant and defense counsel, may place defendant in a residential drug treatment program approved by the U.S. Probation and Pretrial Services Office for treatment of narcotic addiction or drug dependency, which may include counseling and testing, to determine if defendant has reverted to the use of drugs.  Defendant shall reside in the treatment program until discharged by the Program Director

| USA vs.   MANUEL BANUELOS, JR. | Docket No.:   CR 20-00237-FMO |
|---|---|

and Probation Officer.

5. As directed by the Probation Officer, defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. Defendant shall provide payment and proof of payment as directed by the Probation Officer. If defendant has no ability to pay, no payment shall be required.

6. During the period of community supervision, defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

7. Defendant shall cooperate in the collection of a DNA sample from defendant.

8. Defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any other financial gains to the court-ordered financial obligation.

9. Defendant shall possess and use only those computers and computer-related devices, screen usernames, passwords, email accounts, and internet service providers (ISPs), social media accounts, messaging applications and cloud storage accounts, that have been disclosed to the Probation Officer upon commencement of supervision.  Any changes or additions are to be disclosed to the Probation Officer prior to the first use.  Computers and computer-related devices include personal computers, internet appliances, electronic games, cellular telephones, digital storage media, and their peripheral equipment, that can access, or can be modified to access, the internet, electronic bulletin boards, and other computers.

10. All computers, computer-related devices, and their peripheral equipment, used by defendant shall be subject to search, seizure and computer monitoring.  This shall not apply to items used at the employment site that are maintained and monitored by the employer.

11. Defendant shall comply with the rules and regulations of the Computer Monitoring Program. Defendant shall pay the cost of the Computer Monitoring Program.

12. Within three (3) days of release from prison, defendant shall register as a sex offender, and keep the registration current, in each jurisdiction where defendant resides, is employed and is a student, pursuant to the registration procedures that have been established in each jurisdiction. When registering for the first time, defendant shall also register in the jurisdiction in which the conviction occurred if different from defendant's jurisdiction of residence.  Defendant shall provide proof of registration to the Probation Officer within 48 hours of registration.

13. Immediately following sentencing, defendant shall report directly to the Probation & Pretrial Services Office for instructions regarding the registration requirements created by the Adam Walsh Child Protection and Safety Act of 2006.

14. Defendant shall participate in a psychological counseling or psychiatric treatment or a sex offender treatment program, or any combination thereof as approved and directed by the Probation Officer. Defendant shall abide by all rules, requirements, and conditions of such program, including submission to risk assessment evaluations and physiological testing, such as polygraph and Abel testing.   Defendant retains the right to invoke the Fifth Amendment.   The court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider.  The treatment provider may provide information (excluding

| USA vs. MANUEL BANUELOS, JR. | Docket No.: CR 20-00237-FMO |
|---|---|

the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

15. As directed by the Probation Officer, defendant shall pay all or part of the costs of psychological counseling or psychiatric treatment, or a sex offender treatment program, or any combination thereof to the aftercare contractor during the period of community supervision. Defendant shall provide payment and proof of payment as directed by the Probation Officer. If defendant has no ability to pay, no payment shall be required.

16. Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child pornography, as defined in 18 U.S.C. §2256(8), or sexually explicit conduct depicting minors, as defined at 18 U.S.C. §2256(2). This condition does not prohibit defendant from possessing materials solely because they are necessary to, and used for, a collateral attack, nor does it prohibit defendant from possessing materials prepared and used for the purposes of defendant's court-mandated sex offender treatment, when defendant's treatment provider or the probation officer has approved of defendant's possession of the material in advance.

17. Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

18. Defendant shall not contact the victim(s), by any means, including in person, by mail or electronic means, or via third parties. Further, defendant shall remain at least 100 yards from the victim(s) at all times. If any contact occurs, defendant shall immediately leave the area of contact and report the contact to the Probation Officer.

19. Defendant shall not enter, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, amusement and theme parks, or other places primarily used by persons under the age of 18, without the prior written authorization of the Probation Officer.

20. Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notify said parent or legal guardian of defendant's conviction in the instant offense/prior offense. This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., whom defendant must interact with in order to obtain ordinary and usual commercial services.

21. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

22. Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

23. Defendant's employment shall be approved by the Probation Officer, and any change in employment must be pre-approved by the Probation Officer. Defendant shall submit the name and address of the proposed employer to the Probation Officer at least ten (10) days prior to any

| USA vs. MANUEL BANUELOS, JR. | Docket No.: CR 20-00237-FMO |
|---|---|

scheduled change.

24. Defendant shall submit to a search, at any time, with or without warrant, and by any law enforcement or probation officer, of defendant's person and any property, house, residence, vehicle, papers, computers, cell phones, other electronic communication or data storage devices or media, email accounts, social media accounts, cloud storage accounts, effects and other areas under defendant's control, upon reasonable suspicion concerning a violation of a condition of supervision or unlawful conduct by defendant, or by any Probation Officer in the lawful discharge of the Officer's supervision functions.

25. Defendant shall not view or possess any materials, including pictures, photographs, books, writings, drawings, videos, or video games, depicting or describing child erotica, which is defined as a person under the age of 18 in partial or complete state of nudity, in sexually provocative poses, viewed for the purpose of sexual arousal.

26. Defendant shall not possess or view any materials such as videos, magazines, photographs, computer images or other matter that depict "actual sexually explicit conduct" involving adults as defined by 18 USC 2257(h)(1).

27. Upon release from custody defendant shall submit to a psycho-sexual evaluation approved and directed by the Probation Officer. The offender shall abide by all rules, requirements, and conditions, of such an assessment, including submission to risk assessment evaluation, and physiological testing, such as polygraph, and Abel testing, to determine if the offender is a risk for sexual re-offending, in need of additional conditions of supervision and sex offender specific treatment.

28. Defendant shall participate in an evaluation by a trained professional, approved by the Probation Office, to assess defendant's risk to the community as a sex offender. The evaluation may include physiological testing, such as polygraph and Abel testing. The court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the evaluation provider.

29. As directed by the Probation Officer, defendant shall pay all or part of the costs of the sex offender risk evaluation to the aftercare contractor during the period of community supervision. Defendant shall provide payment and proof of payment as directed by the Probation Officer. If defendant has no ability to pay, no payment shall be required.

Defendant shall pay to the United States a special assessment of $100, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

All fines are waived as the court finds that defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The court recommends that defendant be considered for participation in the Bureau of Prison's Residential Drug Abuse Program (RDAP).

Pursuant to the Court's Order of August 27, 2021, defendant shall pay restitution in the total amount of $93,000 representing $3,000 awarded to each identified victim. Interest on the restitution is waived because defendant does not have ability to pay interest. The schedule and terms of payment shall be those set forth in

the Court's Order of August 27, 2021 (Dkt. 59).

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| August 30, 2021 | /s/ Fernando M. Olguin |
|---|---|
| Date | Fernando M. Olguin, U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| August 30, 2021 | By | /s/ G. Garcia |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;
9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

☐ The defendant must also comply with the following special conditions (set forth below).

## STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California
Attn: Fiscal Department
255 East Temple Street, Room 1178
Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;
2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
    Non-federal victims (individual and corporate),
    Providers of compensation to non-federal victims,
    The United States as victim;
3. Fine;
4. Community restitution, under 18 U.S.C. § 3663(c); and
5. Other penalties and costs.

## CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

USA vs. MANUEL BANUELOS, JR.  Docket No.: CR 20-00237-FMO

Case 2:20-cr-00237-FMO   Document 61   Filed 08/30/21   Page 8 of 9   Page ID #:447

# RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____
Deputy Marshal

_____
Date

# CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____
Deputy Clerk

_____
Filed Date

---

# FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____     _____
Defendant                            Date

Case 2:20-cr-00237-FMO Document 61 Filed 08/30/21 Page 9 of 9 Page ID #:448

USA vs. MANUEL BANUELOS, JR.  Docket No.: CR 20-00237-FMO

_____     _____
U. S. Probation Officer/Designated Witness                Date